```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

SHEILAH WELLS,                       :
                                     :
         Plaintiff,                  :    HONORABLE JOSEPH E. IRENAS
                                     :
    v.                               :
                                     :    CIVIL ACTION NO. 07-4737(JEI)
NICHOLE D. DILLIHAY, NEW             :
JERSEY TRANSIT, THE NEW              :
JERSEY TRANSIT AUTHORITY,            :           **OPINION**
FRANCIS LESTER STEVENSON AND         :
GREYHOUND LINES, INC.,               :
                                     :
         Defendants.                 :
                                     :
                                     :

**APPEARANCES:**

ROVNER, ALLEN, ROVNER, LUKOMSKI & WOLF
By: Steven L. Rovner, Esq.
Cherry Hill Professional Building
411 Route 70 East, Suite 100
Cherry Hill, NJ 08034-2412
    Counsel for Plaintiff

ANNE MILGRAM, ATTORNEY GENERAL OF NEW JERSEY
By: Kira Feeny Spaman, Deputy Attorney General
R. J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, NJ 08625
    Counsel for Defendant New Jersey Transit Corporation

KANE PUGH KNOELL TROY & KRAMER, LLP
By: Melissa K. Nagata, Esq.
510 Swede Street
Norristown, PA 19401
    Counsel for Defendants Greyhound Lines, Inc. and Frances L.
    Stevenson

**IRENAS**, Senior District Judge:

   This action arises from injuries Plaintiff Sheilah Wells allegedly received as a result of a collision between two buses.

Plaintiff brought negligence claims against the owners of the buses, New Jersey Transit and/or The New Jersey Transit Corporation and Greyhound Lines, Inc. ("Greyhound"), and their drivers, Nicole D. Dillihay and Francis Lester Stevenson, respectively.[1]  New Jersey Transit moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, New Jersey Transit's motion shall be granted.

**I.**

On October 2, 2005, Plaintiff Sheilah Wells was a passenger on a Greyhound bus traveling in Atlantic City, New Jersey driven by Defendant Stevenson. (Complaint ¶ 13).  The Greyhound bus was traveling south on Missouri Avenue in the far left lane.  (*Id*.). In the lane directly to the right of the Greyhound bus, a bus owned by New Jersey Transit also traveled south on Missouri Avenue.  (Complaint ¶ 14).  The New Jersey Transit bus was driven by Defendant Dillihay.  (*Id*.).  Both the Greyhound bus and the New Jersey Transit bus attempted to take a left turn onto Arctic Avenue, and while turning, the two buses collided with each other.  (Complaint ¶¶ 14-15).  Plaintiff allegedly suffered "severe and grievous injuries" from the collision.  (Complaint ¶ 15).

---

[1]This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1332 and 42 U.S.C. § 1367(a).

Almost one year and a half after the accident, on March 21, 2007, counsel for Plaintiff sent a letter to the claims department of New Jersey Transit to provide notice of Plaintiff's injuries and to demand a settlement (the "Settlement Demand"). (Kurtz Decl. at ¶ 5, Ex. B).[2]  The Settlement Demand enclosed some documentation regarding the extent of Plaintiff's injuries and may have enclosed a copy of the police report that described the accident.[3] (*Id*.).  New Jersey Transit responded on April 2, 2007, and informed Plaintiff that, due to her failure to file a Notice of Claim with New Jersey Transit within ninety days of the accident, her claims were barred by the New Jersey Tort Claims Act.  (*Id*. at ¶ 6, Ex. C).  Prior to receipt of the Settlement Demand, New Jersey Transit did not receive a Notice of Claim from Plaintiff, and to date, Plaintiff has not filed a formal Notice of Claim with New Jersey Transit nor requested leave to do so. (*Id*. at ¶¶ 4 & 8).

In August 2007, Plaintiff filed suit in the Superior Court of New Jersey, Mercer County alleging a negligence claim against each defendant.  Defendants Greyhound and Stevenson

---

[2] References to the "Kurtz Decl." pertain to the Declaration of Robert O. Kurtz, Unit Claims Manager for the New Jersey Transit Corporation.

[3] The version of the Settlement Demand attached as an exhibit to the Kurtz Declaration did not attach a copy of the police report. (Kurtz Decl. at ¶ 5, Ex. B).  However, the text of the Settlement Demand indicates that a copy is enclosed.  (*Id*.).

(collectively, the "Greyhound Defendants") removed the case to this Court on October 4, 2007.  In their answer to the complaint, the Greyhound Defendants cross-claimed against New Jersey Transit, The New Jersey Transit Corporation and Dillihay[4] for indemnification and contribution.  New Jersey Transit now seeks dismissal of the negligence claim, asserting that Plaintiff failed to timely file a notice of claim pursuant to the New Jersey Tort Claims Act.

**II.**

Because both parties submitted matters outside the pleadings, this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be treated as one for summary judgment under Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(b) ("If, on motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); *Boyle v. Governor's Veterans Outreach & Assistance Ctr.*,

---

[4]Defendant Dillihay has neither answered the Complaint nor otherwise entered an appearance before the Court.  While it appears from the docket that Dillihay was served with the notice of removal, it is not clear whether she was served with a summons and complaint in the original state court action.

925 F.2d 71, 74-75 (3d Cir. 1991).

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). "'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III.

The purpose of the New Jersey Tort Claims Act ("Tort Claims

5

Act") is "to reestablish the immunity of public entities while coherently ameliorating the harsh results of the [sovereign immunity] doctrine." *Beauchamp v. Amedio*, 164 N.J. 111, 115 (2000); *see also* N.J. Stat. Ann. § 59:1-2 (2008).  The Tort Claims Act requires that certain procedures be followed prior to bringing suit against the public entity.[5]  *See* N.J. Stat. Ann. § 59:8-3.  Of these requirements, a party who seeks to maintain a personal injury claim must file a notice of claim with the public entity within ninety days of the accrual of the cause of action.[6] *Id.* § 59:8-8.  The notice of claim must contain detailed information about the claimant and the nature of the claim, including a description of the injury or damage and the amount claimed.  *See id.* § 59:8-4.  The Tort Claims Act does provide a limited exception to the ninety day requirement where "extraordinary circumstances" exist for the claimant's

---

[5]The parties do not dispute that New Jersey Transit is a public entity.  *See Beauchamp v. Amedio*, 164 N.J. 111, 123 (2000) (holding that extraordinary circumstances existed for granting leave to file a late notice of claim against the New Jersey Transit Corporation).

[6]There are two major purposes behind the notice of claims requirement:
> (1) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; and (2) to provide the public entity with prompt notification of the claim in order to adequately investigate the facts and prepare a defense.

*Vargas v. Camden City Bd. of Educ.*, No. 05-778, 2006 U.S. Dist. LEXIS 13357, at *12 (D.N.J. Mar. 28, 2006).

dilatoriness and where the public entity or public employee has not been substantially prejudiced by the late filing. *Id*. § 59:8-9. Under this exception, a court may permit the late filing of the notice of claim within one year of the accrual of the action. *Id*. Other than this limited exception, a party's failure to file a notice of claim within the ninety day period will forever bar recovery against a public employee or entity. *Id.* § 59:8-8.

The Tort Claims Act permits a public entity to adopt its own forms specifying the information required to be contained in claims filed against that entity or its employees. *Id*. § 59:8-6. Pursuant to this statute, New Jersey Transit enacted specific regulations to govern the content and the procedures for filing claims against it. *See* N.J. Admin. Code §§ 16:88-2.1, 3.2 (2007). These regulations include the adoption of a detailed, five-page notice of claim form. *Id*. § 16:88, App'x A.

Here, Plaintiff's only attempt to provide notice to New Jersey Transit of her potential claim prior to filing the complaint consisted of the Settlement Demand, which was submitted to New Jersey Transit almost eighteen months after the bus collision. The Settlement Demand is deficient in multiple respects. The Settlement Demand was not filed within ninety days of the accrual date as required by the Tort Claims Act, nor was it filed within the one year period that would enable a court to

7

extend the filing deadline for "extraordinary circumstances."[7] Moreover, the Settlement Demand neither complies with the notice of claim form provided under the regulations nor sets forth the substance of information required by the regulations. To date, Plaintiff has never filed the requisite notice of claim and has not sought leave to file a late notice. As more than a year has passed since the accrual date of Plaintiff's claim, this Court lacks jurisdiction to relieve Plaintiff from her failure to file a notice of claim within the statutory deadlines. *See Scrutchins v. Div. of Youth & Family Servs.*, No. 05-0925, 2005 U.S. Dist. LEXIS 37570, at *17 (D.N.J. Dec. 29, 2005). Plaintiff's claim against New Jersey Transit is therefore barred.[8]

Plaintiff argues that she should be relieved from the strict procedural requirements of the Tort Claims Act because she substantially complied with the filing of a notice of claim. An

---

[7] The accrual date is "the date on which the alleged tort is committed or the negligent act or omission occurred." *Cliett v. City of Ocean City*, No. 06-4368, 2007 U.S. Dist. LEXIS 62535, at *14 (D.N.J. Aug. 24, 2007). New Jersey Transit submits that the date of the bus collision, October 2, 2005, is the accrual date. Because Plaintiff does not assert otherwise, the Court will accept October 2, 2005 as the accrual date.

[8] Based on Plaintiff's failure to file a notice of claim within the statutory deadline, her claim against Defendant Nichole Dillihay is also barred. *See* N.J. Stat. Ann. § 59:8-8 ("The claimant shall be forever barred from recovering against a public entity *or public employee* if . . . [h]e failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9.")(emphasis added).

exception to the notice of claim requirements based on substantial compliance may exist where a claimant provides all of the requisite information to the public entity to put the entity on notice as to the pendency of the claim. *Vargas v. Camden City Bd. of Educ.*, No. 05-778, 2006 U.S. Dist. LEXIS 13357, at *13 (D.N.J. Mar. 28, 2006). "Moreover, substantial compliance means that 'notice has been given in such a way, which though technically defective, substantially satisfies the purpose for which notices of claims are required.'" *Id.* (quoting *Lameiro v. West New York Bd. of Educ.*, 136 N.J. Super. 585, 587 (N.J. Super. Ct. Law Div. 1975)). "While several New Jersey courts have held that substantial, rather than strict, compliance with the notice requirements of the Tort Claims Act may be satisfactory, . . . substantial compliance cannot be predicated upon *no* compliance, such as failure to answer *any* of the questions permitted by [N.J. Stat. Ann. §] 59:8-6." *Johnson v. Does*, 950 F. Supp. 632, 635 (D.N.J. 1997)(internal citations and quotation marks omitted). Further, "[c]ases which have excused strict statutory compliance generally involve claimants who have been diligent in their efforts at compliance." *Sinclair v. Dunagan*, 905 F. Supp. 208, 212 (D.N.J. 2005).

In support of her substantial compliance argument, Plaintiff argues that New Jersey Transit was aware or should have been aware of the potential claim by Plaintiff after the bus

9

collision.  Plaintiff asserts that New Jersey Transit should have received notice of the accident through a police report that would have been given to New Jersey Transit by Dillihay.  Plaintiff also argues that, because New Jersey Transit participated in the bus collision as an "active tortfeasor" (as opposed to a "passive tortfeasor"), it would have been on notice of any potential claim.

In making these arguments, Plaintiff misconstrues the fundamental purpose behind the notice of claim requirement.  The purpose of the notice provision is not to make a public entity aware that an accident occurred.  Rather it is to inform the entity of an injured party's intention to sue.  Unlike those cases finding substantial compliance, this is not a case where a diligent claimant provided the public entity with a defective notice of its intent to sue within the statutory deadlines.  Instead, New Jersey Transit could not have been aware of the potential suit because Plaintiff made *no* attempt to contact New Jersey Transit directly to put it on notice of her claim within the deadlines set forth in the statute.

Even assuming that New Jersey Transit received a copy of the police report from Dillihay after the accident, the report cannot be considered a form of defective notice.  First, the police report was not obtained under circumstances indicating an intent to file suit against New Jersey Transit.  Had Plaintiff sent the

10

police report directly to New Jersey Transit, then the transmittal of the police report from Plaintiff to New Jersey Transit may have provided at least some indication of Plaintiff's intent to file suit.  Second, the police report fails to provide much of the information required to be provided under the Tort Claims Act.  While the police report provides a general description of the accident, it does not provide any indicator that Plaintiff suffered injuries from the accident.  Instead, the only reference to Plaintiff on the police report consists of her name and phone number, which are subsumed within a list of approximately thirty passengers and their respective phone numbers.  (Ex. B to Plaintiff's Opposition Brief).

Further, there is no basis in the Tort Claims Act or in case law for Plaintiff's argument that the Court should distinguish between active and passive tortfeasors.  An active tortfeasor has no more reason to know whether a potential plaintiff will file suit than a passive tortfeasor.  Because Plaintiff has set forth no basis for her assertion of substantial compliance, the Court cannot relieve Plaintiff from her failure to file a notice of claim under the Tort Claims Act.  Therefore, the Court will grant summary judgment to New Jersey Transit as to Plaintiff's Complaint.[9]

---

[9]Without seeking leave from the Court to do so, the Greyhound Defendants filed a brief asserting their continued right to maintain their cross-claims for contribution and

**IV.**

For the reasons set forth above, the Court will grant summary judgment to Defendant New Jersey Transit only as to Plaintiff's negligence claim. Plaintiff's negligence claim against Defendant Dillihay shall also be dismissed. The Court will issue an appropriate Order.

Dated: May 12, 2008

                          s/ *Joseph E. Irenas*
                          **JOSEPH E. IRENAS, S.U.S.D.J.**

---

indemnification against New Jersey Transit regardless of whether the Plaintiff's claim is dismissed. New Jersey Transit concedes this point. *See Beretta v. Cannon*, 219 N.J. Super. 147, 155 (N.J. Super. Ct. Law Div. 1987)(holding that defendant was not obligated to give notice and to wait six months prior to bringing third-party complaint for contribution and indemnification against public entity); *Markey v. Skog*, 129 N.J. Super. 192, 206 (N.J. Super. Ct. Law Div. 1974)(holding that a third-party plaintiff could maintain a third-party complaint for contribution against a public entity where plaintiffs' failure to comply with notice of claims requirements under the Tort Claims Act barred a direct claim against the same public entity).
    New Jersey Transit argues that the proper procedural mechanism is through the dismissal of the existing cross-claims and the filing of a third-party complaint by the Greyhound Defendants. However, in lieu of requiring the re-filing of these claims, the Court will instead recast the Greyhound Defendants' cross-claims against New Jersey Transit as third-party claims. Thus, New Jersey Transit shall remain in the case as a third-party defendant.